Howard M. Griffee *v.* George W. Griffee, (Appellant,) now or late trading with J. K. Miles as Union Export Trading Company and J. K. Miles & Co.; judgment then having been obtained against the said J. K. Miles by amicable confession.

*Partnership—Evidence—Promissory note—Judgment—Question for jury.*

In an action against G. upon a promissory note to the order of plaintiff, signed by M. and G., who the plaintiff alleged in his statement were partners under two firm names, it appeared that subsequent to the date of the note M. had given to the plaintiff a judgment note which he signed in the name of both firms, and which was for the debt represented by the promissory note and other indebtedness. Judgment was entered upon the judgment note. Defendant denied that he was a member of either firm and alleged that plaintiff and M. were partners under both firm names. He claimed that the acceptance by the plaintiff of the judgment note and entry of judgment thereon was a satisfaction of the note upon which suit was brought. *Held* (1) that the case was for the jury; (2) that the acceptance of the judgment note was not necessarily a release of defendant on the note in suit; (3) it was not competent for defendant to prove that he and M. made an agreement whereby M. assumed all liabilities and indebtedness incurred in the business, and that plaintiff had possession of the agreement, and knowledge of its contents; (4) that an instruction that plaintiff could not recover unless he proved affirmatively that defendant was a partner of M. was all that defendant was entitled to; (5) the findings of fact necessarily implied in the verdict were conclusive of plaintiff's right to recover.

Argued January 21, 1896. Appeal, No. 60, July T., 1895, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1894, No. 50, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

Plaintiff's statement was as follows:

This is an action of assumpsit brought by the plaintiff against the defendant to recover the amount of a promissory note made by the defendant and one J. K. Miles, to the order of the plaintiff, a copy of which is as follows:

" $1407.                   YARDLEY, Pa., November 25th, 1890.

" One day after date either of us promise to pay to the order of Howard M. Griffee $1407, with interest at six per cent., payable first day of January and July, payable at the Yardley National Bank.   Value received.

(Signed)          " J. K. MILES,<br>
(Signed)          " G. W. GRIFFEE."

At the time the said note was given the said J. K. Miles and G. W. Griffee were engaged together in business as partners in the city of Philadelphia, under the firm name of J. K. Miles & Co., and sometimes they used as a firm name the Union Export Trading Company.   The said note was given for money loaned to the said firm.

In addition to the moneys included in the said note, plaintiff, on November 26, 1890, at the request of the said firm, paid for them the sum of $118.65 to the Franklin Printing Company, and on January 2, 1891, at the like request of the said firm, paid the sum of $35.00 to one Francis J. Parody.   That on December 2, 1891, the said John K. Miles gave to the plaintiff a judgment note for the money so as aforesaid loaned to the said firm, to which note the said John K. Miles signed the firm names of Union Export Trading Company and J. K. Miles & Co.   A copy of the said note is as follows :

" $1750.                   PHILADELPHIA, December 2d, 1891.

" On demand after date we promise to pay to the order of Howard M. Griffee $1750 without defalcation, value received, with interest.   And further, we do hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear for and to enter judgment against us for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution, and with five per cent added for collecting fees ; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the prothonotary to enter upon the fi. fa. our said voluntary condemnation, and we further agree that said estate may be sold on a fi. fa., and we do hereby waive and release all

relief from any and all appraisement, stay, or exemption laws
of any state, now in force, or hereafter to be passed.

"Union Export Trading Co., [l. s.]
"J. K. Miles & Co. [l. s.]

"Witness:

"Geo. R. Jefferson,

"C. Percy Buck."

That the plaintiff caused judgment to be entered on the said
note in common pleas No. 4 of Philadelphia county to September term, 1891, No. 963, and caused execution to be issued
thereon, but the sheriff returned the writ nulla bona.

At the trial defendant's own evidence tended to show that he
was not a partner of J. K. Miles, but that Howard M. Griffee,
plaintiff, was Miles's partner. He testified that he was a mere
employee of J. K. Miles and the plaintiff.

He offered to prove that in January or February, 1891, J. K.
Miles made an agreement with the defendant, whereby he (J. K.
Miles) assumed all liabilities and indebtedness incurred by
the business; that said agreement was made with the knowledge and assent of the plaintiff here, Howard M. Griffee, who
still had it in his possession, and that the plaintiff assured the
defendant that he, the defendant, was released from all liability
on the promissory note sued upon; and he offered to prove this
agreement by means of parol evidence, having shown that the
agreement was not in his possession, but was given to the plaintiff, and having notified the counsel for the plaintiff to produce
such agreement, which the counsel for the plaintiff had not
done, and having also subpœnaed the plaintiff to bring the
paper, which said plaintiff had not done.

Which was objected to by the counsel for the plaintiff, the
objection sustained by the court and bill sealed for the defendant. [11]

Plaintiff denied that he was a partner and testified positively
that defendant was the partner, and Miles testified to the same
effect.

Defendant presented the following points:

1. The acceptance by the plaintiff of the judgment note for
$1,750, dated Philadelphia, December 2, 1891, signed "Union
Export Trading Company, J. K. Miles & Co.," is a satisfaction ·

of the original debt sued upon, and your verdict must be for the defendant. *Answer :* I refuse that proposition. [1]

2. The acceptance of the judgment note for $1,750, dated December 2, 1891, signed " Union Export Trading Company, J. K. Miles & Co.," is evidence from which the jury may infer that it was accepted as payment of the debt sued upon, and if they believe it was accepted in payment, their verdict must be for the defendant. *Answer:* Under the evidence in this case I refuse that point also. [2]

3. Judgment having been entered against J. K. Miles, trading as J. K. Miles & Co. and the Union Export Trading Company, on the judgment note for $1,750, dated December 2, 1891, signed " The Union Export Trading Company, J. K. Miles & Co.," the plaintiff is estopped from alleging that the defendant is still a partner and liable under this suit, and your verdict must be for the defendant. *Answer :* Under the evidence in this case I refuse that point also. [3]

4. Judgment having been entered against J. K. Miles, trading as J. K. Miles & Co. and the Union Export Trading Company, on the judgment note for $1,750, dated December 2, 1891, signed " The Union Export Trading Company, J. K. Miles & Co.," said judgment is a bar to a judgment against the present defendant for the same cause of action, and your verdict must be for the defendant. *Answer :* That point I refuse. [4]

5. As the firm, against one of the members of which this suit is brought, was doing business in this commonwealth and in this county, the present action was therefore not a proper case for the issuance of the foreign attachment, and your verdict must be for the defendant. *Answer :* That is a point under a decision which has already been made in this controversy by this court, and I refuse it. [5]

6. The plaintiff must prove affirmatively that the defendant was a member of the firm of J. K. Miles & Co. and the Union Export Trading Company. In default of this plaintiff cannot recover. *Answer :* I affirm that point.

7. In order to recover the amounts of money alleged to have been paid by the plaintiff on account of the defendant firm, plaintiff must prove that such sums were paid at the request of the defendant. *Answer :* Under the evidence in this case I refuse that point. [6]

8. A judgment having been entered by judgment note dated December 2, 1891, for $1,750, signed " J. K. Miles & Co.," and " Union Export Trading Company," before the plaintiff can recover in this action against the defendant he must show affirmatively that said defendant refused to confess a judgment. *Answer :* That point I refuse also. [7]

9. If the jury believe that the plaintiff was a member of the firm of J. K. Miles & Co., or the Union Export Trading Company, then in the absence of any evidence to show that the accounts of said firm have been settled and a balance struck, the plaintiff cannot recover, and your verdict must be for the defendant. *Answer :* Under the evidence in this case I refuse that point also. [8]

10. If the jury believe that the plaintiff knew at the time he entered judgment against John K. Miles, trading as J. K. Miles & Co. and Union Export Trading Company, that George W. Griffee was also a member of said firm, and failed to name him as a party defendant or to show by the record that he refused to confess judgment, such omission is fatal, and he cannot recover in this case. *Answer :* I refuse that point. [9]

12. Under all the evidence your verdict must be for the defendant. *Answer :* I refuse that. [10]

Verdict and judgment for plaintiff for $1,765.75. Defendant appealed.

*Errors assigned* were (1-10) above instructions, quoting them; (11) ruling on evidence, quoting the bill of exceptions.

*J. Campbell Lancaster, Charles E. Lex* with him, for appellants.—If one or more persons could not be served and a judgment was taken against those served, it was a bar against those not served. Smith v. Black, 9 Sergeant & Rawle, 142; Downey v. Bank, 13 S. & R. 288; Anderson v. Levan, 1 W. & S. 334; Hoskinson v. Eliot, 62 Pa. 393; Robertson v. Smith, 18 Johns. 459; Frisby v. Leonard, 21 Wend. 450; Moore v. Hepburn, 5 Pa. 399; Walton's App., 153 Pa. 99; Nichols v. Auguera, 2 Miles, 290.

The court should have charged the jury that the acceptance of a judgment note was evidence from which they might find that it was given in payment, particularly when their own state-

ment of cause of action says that it was accepted for the sums
of money for which this very suit is brought. Slaymaker v.
Gundacker's Executors, 10 S. & R. 75; Hart v. Boller, 15 S.
& R. 162; Seltzer v. Coleman, 32 Pa. 493.

The contention of the defendant is that there can be but one
judgment for one cause of action against the same parties:
King v. Hore, 13 M. & W. 494; Bigelow on Estoppel, 103;
Peterson v. Lothrop, 34 Pa. 223; Duffy v. McHaffy, 5 Watts,
120; Jones v. Ellison, 10 W. N. C. 205; McCleery v. Thomp-
son, 130 Pa. 443; Boyd v. Thompson, 153 Pa. 78; Franklin v.
Morris, 154 Pa. 152.

When the plaintiff accepted J. K. Miles's confession of judg-
ment from him he entered up the judgment against him as
being the sole persons trading as J. K. Miles & Co. and the
Union Export Trading Company. He is estopped now from
alleging that some one else, to wit, the defendant, is also a co-
partner: Bigelow on Estoppel, 73; Kneib v. Graves, 72 Pa.
104.

*Rudolph M. Schick, George R. Jefferson* with him, for ap-
pellee, cited York Bank's App., 36 Pa. 458; Grier v. Hood, 25
Pa. 430; Moore v. Hepburn, 5 Pa. 399.

PER CURIAM, February 3, 1896:

This case hinged on questions of fact which it was the ex-
clusive province of the jury to determine according to the weight
of the evidence relating thereto. So far as they were material,
the questions presented by the testimony were accordingly sub-
mitted by the learned trial judge with instructions which appear
to be adequate and free from substantial error; and a verdict
for plaintiff was rendered. In the absence of error, on the part
of the court, the findings of fact necessarily implied in the ver-
dict are conclusive of plaintiff's right to an affirmance of the
judgment.

Twelve points for instructions were presented by the learned
counsel for defendant, all of which were refused, except the
sixth, in which the jury was instructed, as requested, that "the
plaintiff must prove affirmatively that defendant was a member
of the firm J. K. Miles & Co., and the Union Export Trading
Company. In default of this, the plaintiff cannot recover."

With a single exception, the remaining points thus refused constitute the subjects of complaint in the first to tenth specifications, respectively. We have considered the questions involved in these specifications and find nothing in any of them that would justify a reversal of the judgment; nor do we think that either of them requires discussion. There was no error in rejecting the offer of evidence recited in the last specification.

Judgment affirmed.